UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, and RICHARD RUCKER, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF LABOR, | ) ) |
| Respondent. | ) |

No. 03 C 5480

Judge Kocoras

DOCKETED
OCT 21 2003

FILED
OCT 20 2003

## DEPARTMENT OF LABOR'S RESPONSE TO PETITION FOR EXEMPTION FROM 29 U.S.C. § 504(a) BAR

Respondent Department of Labor submits the following response to Petitioner Richard Rucker's petition for an exemption from the bar of 29 U.S.C. § 504(a) which precludes him from holding union office because of narcotics violations.

In response to Rucker's petition, the Department of Labor has conducted an inquiry into the merits of Rucker's petition and submits to the court the attached report. At the time of filing, the Department of Labor has not yet determined what its final recommendation will be on the merits of Rucker's petition, but will have a representative present at the hearing on October 23, 2003..

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: 
CRAIG A. OSWALD
Assistant U.S. Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080

# AFFIDAVIT OF SERVICE BY EXPRESS MAIL

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

MARY ANNE MARTIN being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 20th day of October 2003, she EXPRESS MAILED a copy of DEPARTMENT OF LABOR'S RESPONSE TO PETITION FOR EXEMPTION FROM 29 U.S.C. §504(a) BAR to:

Peggy A. Hillman
Law Offices of Peggy A. Hillman
445 North Pennsylvania Avenue
Suite 401
Indianapolis, Indiana 46204

*[signature: Mary Anne Martin]*

SUBSCRIBED AND SWORN TO
before me this 20th day of October 2003

*[signature: Paula M. Gabriel]*
NOTARY PUBLIC

My Commission Expires: 1-17-2006

"OFFICIAL SEAL"
Paula M. Gabriel
Notary Public, State of Illinois
My Commission Exp. 01/17/2006

| U.S. DEPARTMENT OF LABOR<br>OFFICE OF LABOR-MANAGEMENT STANDARDS | REPORT OF INVESTIGATION | |
|---|---|---|
| Subject(s):<br>Richard Rucker<br>Teamsters AFL-CIO, Local 705<br>1645 W. Jackson Blvd., 7th FL.<br>Chicago, IL 60612 | Program:<br>(08) – Petition for Exemption | File Number:<br>310-22398 |
| | Statutory References:<br><br>29 U.S.C. 504 - Convict Prohibition | Office:<br><br>Chicago |
| LM: 043-508 | | Status:<br>Action |

**PREDICATION:**

Case opening was predicated on the receipt of a copy of a *Petition for Exemption from 29 U.S.C. §504(a) Bar Against Hiring Richard Rucker* filed with the U.S. District Court for the Northern District of Illinois on August 7, 2003 by Richard Rucker and Teamsters Local 705. The Petition was accompanied by a *Declaration of Gerald Zero* (with attachment), *Declaration of Richard Rucker* (with attachment), *Declaration of Angela Boyd-Williams and Dezire Gordon on Behalf of TASC, Inc.* (with attachment), *Declaration of Samuel Smucker on Behalf of the AFL-CIO Organizing Institute* (with attachment), and *Declaration of Congressman Danny K. Davis*.

**INVESTIGATIVE FINDINGS:**

A lawsuit was filed in U.S. District Court by RUCKER's attorney, Peggy A. Hillman, seeking to have RUCKER exempted from the provisions of 29 U.S.C. 504(a). RUCKER is barred from activities covered by 29 USC 504(a) because on November 7, 2002 the State Circuit Court of Cook County, Illinois convicted him of possession of a controlled substance (approx wt. .3 grams, estimated street value of $30) in violation of Illinois criminal law 720-570 ILCS, §401(d) and § 407(b)(2). He was sentenced to time served (April to November 2002) and twenty-four months of felony probation. The offense occurred while RUCKER was serving probation for a previous conviction on September 13, 2001, when the State Circuit Court of Cook County, Illinois convicted him of delivery of a controlled substance (approx wt. .4 grams, estimated street value of $72) in violation of Illinois criminal law 720-507 ILCS, §401(d). He was sentenced to twenty-four months of felony probation.

RUCKER filed a Petition with U.S. District Court Judge Charles P. Kocoras for an exemption from the bar imposed on him under 29 U.S.C. § 504(a), so that he might become employed as a union organizer with Teamsters AFL-CIO Local Union 705. A status hearing on the Petition

| Number of Pages: 11 Exhibit Numbers: 20 | Prepared By: Cynthia A. McDaniel, Investigator |
|---|---|
| Distribution: | _____ October 10, 2003 |
| ____ RO  2 DOE  ____ U.S. Attorney | Signature                                Date |
| 1 DO  ____ DIUA  ____ Regional Solicitor | Approved By: John Peterson, District Director |
| ____ RIO  ____ AUX  1 AUSA Craig Oswald | _____ October 10, 2003 |
| | Signature                                Date |

This document is the property of the Office of Labor-Management Standards and is not to be disclosed to unauthorized persons.

OLMS-17
August 1999

was held on Thursday, September 25, 2003 at 9:30 a.m. at the U.S. District Court in Chicago, Illinois and continued by Hon. Charles P. Kocoras. A hearing date is scheduled for October 23, 2003 and a response to RUCKER's suit is due October 13, 2003.

(Exhibits 1, 2)

The investigation revealed no indication that RUCKER has any continuing involvement with the sale or use of drugs and is currently an active participant in his community and with the Narcotics Anonymous (NA) programs in his area.

(Exhibits 10a, 15)

Local 705 officers have expressed that they would favor RUCKER being granted an exemption.

**DETAILS:**

II. <u>Jurisdiction</u>

Teamsters AFL-CIO Local 705 meets the definition of 3(I) and 3(j) of the LMRDA and is therefore subject to the Act. Local 705 has filed Labor Organization Annual Reports with the U.S. Department of Labor – OLMS without protest.

(Exhibit 3)

III. <u>Documentation of Charges, Conviction, & Incarceration</u>

A. Records obtained from the Cook County (Illinois) Circuit Court state that on November 7, 2002 the State Circuit Court of Cook County, Illinois convicted RUCKER of possession of a controlled substance (approx. wt. .3 grams, estimated street value of $30) in violation of Illinois criminal law 720-570 ILCS, §401(d) and § 407(b)(2). He was sentenced to time served (April to November 2002) and twenty-four months of felony probation. The offense occurred while RUCKER was serving probation for a previous conviction on September 13, 2001, when the State Circuit Court of Cook County, Illinois convicted him of delivery of a controlled substance (approx. wt. .4 grams, estimated street value of $72) in violation of Illinois criminal law 720-507 ILCS, §401(d). He was sentenced to twenty-four months of felony probation.

(Exhibit 4)

B. A Chicago Police Department Criminal History Report for RUCKER did not disclose any additional barable crimes.

(Exhibit 5)

IV. <u>Lawsuit Seeking Exemption from Section 504 Statutory Disqualification</u>

A. On August 2, 2002, RUCKER's attorney, Peggy Hillman, filed a lawsuit in U.S. District Court seeking to have RUCKER exempted from the provisions imposed under 29 U.S.C. Section 504. A hearing date of September 25, 2003 was set. A

continuation was obtained extending the hearing date to October 23, 2002.

(Exhibits 1,2)

B. AUSA Craig Oswald, Deputy Chief Civil Division Eastern Judicial District of Illinois, was notified of the lawsuit and OLMS' responsibility to conduct an investigation.

(Exhibit 6)

V. Application Questionnaire and Supporting Affidavit

A. A Questionnaire was provided to RUCKER and his attorney to facilitate the investigation. Additional details regarding RUCKER' offense were requested on August 27, 2003.

(Exhibit 7)

B. Through his attorney, RUCKER provided a response and letters of recommendation from four character witnesses.

(Exhibits 8, 8(a))

C. In addition, RUCKER, through his attorney, provided an additional character witness at the time of his interview.

D. Summary of Response Submitted by Applicant

1. Applicant's name is Richard Rodell RUCKER and he resides at 2701 South Indiana, Apt. 2006, Chicago, IL 60616. RUCKER has been known by the nicknames Rock or Truck.

2. RUCKER cited the following statement of arrests, convictions, and imprisonments, and the surrounding circumstances in each case:

a) "In 1993, I was arrested for possession of a controlled substance. I spent one night in jail and was released the following day. The Judge found no probable cause and dismissed the case because the basis for arrest was that some drugs had been found on the ground but there was no evidence that the drugs belonged to me."

b) "On July 1, 2001, I was arrested for delivery of a controlled substance. I spent approximately sixteen days in Cook County Jail. I was released upon posting of a bond of $600. On September 13, 2001 he pled guilty in a plea agreement and was given twenty four months probation. Judge Rickey Jones approved the plea agreement."

c) "On August 15, 2001, I was arrested for possession of a controlled substance. I spent approximately one month in Cook County Jail. On September 6, 2001, the Judge found no probable cause and dismissed the case.

    d) "On February 13, 2002, I was arrested for possession of a controlled substance with intent to deliver within 1,000 feet of a school. I spent seven months in Cook County Jail. In September 2002 Judge Rickey Jones found me guilty of simple possession and found me not guilty of intent to deliver within 1,000 feet of a school. On November 7, 2002, I was sentenced to 24 months probation with referral to treatment through TASC."

3. RUCKER, for the purposes of this proceeding is not contesting the validity of his conviction which led to the prohibition.

4. RUCKER is asking for permission to become employed by Teamsters Local 705, 1645 West Jackson, Chicago, IL 60612 as a Union Organizer, as the employer and a description of the office or paid position for which an exemption is sought. Stating that he will be supervised by Organizing Director, Mr. Paul DiGrazia; assisting Mr. DiGrazia in all of his organizing drives, with an emphasis on organizing low-wage earners.

5. RUCKER stated that as an assistant union organizer, he would not be employed in a position of authority. He would have no involvement in dealing with union funds or finances, in collective bargaining, or in the union's pension or health and welfare funds. RUCKER believes he is qualified to organize low-wage minority employees because he understands their problems and he wants to help them better themselves.

(Exhibit 8)

## VI. Previously Held Union Position

RICHARD RUCKER's involvement in Teamsters Local Union 705

A. Local 705 Secretary Treasurer, Gerald Zero stated that RUCKER had previously been appointed as a Union Steward at the United Parcel Service (UPS) Jefferson Street facility from 1997 through 1999.

ZERO made RUCKER a union steward representing UPS employees at the Jefferson facility after the 1997 strike. He doesn't recall if he personally asked RUCKER to be a union steward, but he did appoint him. "He did a good job as a steward," said ZERO.

(Exhibit 9)

## VI. RICHARD RUCKER's Employment History

RUCKER is currently unemployed. On occasion, he works in construction/remodeling as laborer.

In 1984, Rucker had a summer job arranged through Harold Washington's summer job program with Mid-Austin Steering Committee. In 1985 he worked with Woolworth. In

1985-86 he worked at Arby's as a relief manager at the store in Northbrook Court. In 1987, he worked for Service Master doing janitorial work at Motorola.

From 1990 to 1999, RUCKER worked for UPS as a part-time inside worker. During his employment at UPS, RUCKER held various part-time positions including: loader, unloaded, pre-loader, sorter, breaker, new employee training, and some supervisory type work at the Jefferson Street facility. From January 1999 to April of 1999, he worked as a full-time driver at UPS; however he did not make it through the 40 day probation period.

RUCKER chose to go back to inside work, because he felt that he was not ready to be on the road. He was also involved in an incident at 1242 S. Halstead, where he was "stood-up," by gun point, for a package. RUCKER called UPS from the customer's store and a Loss Prevention Specialist came out. RUCKER believes that UPS put him on more difficult routes so he couldn't pass the probationary period.

On August 16, 1999 UPS Loss Prevention approached RUCKER and asked to speak with him. He thought they needed him for union business, since he was a union steward. Instead, he was accused of stealing a watch; and subsequently terminated from his employment at UPS. UPS said they received an anonymous call that RUCKER opened a package and pocketed a watch. RUCKER explained that he had purchased a watch the previous day at Jase Mart, and was going to sell it for re-sale to a person at UPS. Loss Prevention knew that RUCKER purchased items for re-sale (usually socks, and small items like watches) and sold them at a profit. It was RUCKER's practice to maintain receipts for his re-sale business; therefore, he was able to produce a receipt for the watch in question. RUCKER sold these items because he needed the extra money to buy drugs. He was terminated in 1999.

RUCKER contested his firing and his case went to abritration, pursuant to Local 705's collective barganing agreement with UPS. The arbitrator, John F. Rozner chose to ignore a statement from the store owner in making his decision to uphold the firing. In addition, reports of the incident entered into the record as "Company Exhibits" were clearly written and dated days after the incident took place, and the Security/Loss Prevention Incident Report is back dated and information in the Investigative Results section is clearly untrue.

In 2000, RUCKER worked for Joyce Brothers Moving Company as a mover.

(Exhibits 8, 10, 20)

VII. Rehabilitation:

A. Interview With Probation Office

NADAR SHALABI, Probation Officer, at the State of Illinois Circuit Court of Cook County Adult Probation Department has been assigned to RUCKER since December

9, 2002. On November 7, 2002, RUCKER was sentenced to a 24 month probation period which will end November 6, 2004.

SHALABI noticed, from the onset, that RUCKER was focused on getting a job. On or about the second or third visit, RUCKER started mentioning names of people for perspective employment. In addition, he also brought in business cards of people he had spoken with at the Local 705. He said that some people just talk. SHALABI knew, at this time, that RUCKER was focused.

Since RUCKER is in compliance with the court mandates and the State of Illinois Circuit Court of Cook County Adult Probation Department, SHALABI would give him a recommendation for employment.

SHALABI reports that RUCKER's payment record, in connection with the probation fee, is weak since he has only paid $53 of the $290 mandated by the court over a twenty-four month period.

(Exhibit 11)

B. Interviews With Drug Referral Treatment Program and Rehabilitation Program

Angela BOYD-WILLIAMS, is a Clinical Supervisor at TASC, Inc. She executed the *Declaration of Angela Boyd-Williams and Dezire Gordon on Behalf of TASC, Inc.*, because TASC supports jobs for ex-offenders.

During the interview, BOYD-WILLIAMS supplied a report dated September 19, 2003 which indicates that 1) RUCKER successfully completed the treatment for TASC, Inc. on February 20, 2003; and 2) that he completed treatment for South East Alcohol and Drug Abuse Center (SEADAC) on January 15, 2003. Since RUCKER completed the entire treatment plan in 3 months (November 2002 – February 2003); BOYD-WILLIAMS feels this is exceptionally well for their clients.

During the course of RUCKER's treatment BOYD-WILLIAMS met with Ronald MORRIS, who prepared and performed RUCKER's assessment. During that meeting, he reported that RUCKER was doing fine and had completed his out-patient successfully; there were no "dirty" urine marks, and he had not been arrested.

(Exhibit 12)

Brenda MASSEY, Substance Abuse Counselor at SEADAC was assigned to RUCKER for Intensive Outpatient Treatment (IOP) in November 2002. His initial IOP included 25 sessions (5 days per week for three hours a day). RUCKER successfully completed his IOP on January 16, 2002. He was always prompt for meetings.

MASSEY believes that RUCKER can rally people; she saw this in group sessions where he shared his own personal life experiences and motivated others in an exchange for information that was beneficial to the group. She thinks that he would be a good spokesperson for the union. He would be an asset, not a liability.

Both MASSEY and Michael HILLBRUNER, Director of Adult Outpatient at SEADAC are concerned that RUCKER has not made any attempt to pay for his rehabilitation through the SEADAC program. Because of his non-payment, according to HILLBRUNER, SEADAC's position is that RUCKER is "out of compliance." HILLBRUNER noted that these payments are on a sliding fee scale, further saying, "Part of therapy is being responsible for paying the fee included in every session as part of compliance." However, SEADAC can not deny services due to non-payment.

To add clarification, HILLBRUNER explained that, "people who use drugs will say or do anything to get over, in order to get drugs... they get a charge from scoring. They plan how to get the drugs -- how to get over." Further stating, "When he doesn't make an attempt to pay, as part of his treatment, this is drug related behavior."

(Exhibit 13)

C. Interview With AFL-CIO Organizing Institute

Sam SMUCKER, Field Training Instructor at the AFL-CIO Organizing Institute first met RUCKER at a weekend training seminar which ran from April 11, 2003 to April 13, 2003. SMUCKER was the "coordinator of training" for this session. There were 10-12 teachers present at this particular training session. There were approximately 40 to 45 participants which made the student/teacher ratio of 4 to 1.

SMUCKER was able to observe RUCKER in a role play presentation, and during the lecture series. RUCKER always had funny anecdotes about working to share with others. SMUCKER says there is a charming aspect to him, he kept the people laughing, he was the most vocal person there and he always participated. He was funny, very open and outgoing, and related well with other participants.

After the weekend of training, the "teaching fellows" met, discussed the results, and made recommendations. RUCKER was highly recommended by the teaching fellows. RUCKER scored almost in the top category. The only exception was a slightly lower score (2+ which indicates, slightly above "some ability") in the area of "Ability to follow housecall agenda and control conversation." On the technical skills assessment, he scored 4 out of 5 high scores, placing him at a No. 1 rating. SMUCKER believes RUCKER's score indicates that he is on the fast track, and they recommended that the union put him into their organizing training available at the union.

(Exhibit 14)

D. Interviews With Character Witnesses

Interviews with character witnesses that provided letters on behalf of RUCKER, which included his wife, personal friends, a union member and a bible study leader at the Jehovah Witness church, were all positive. It was presented that RUCKER attends NA meetings during the week, along with participating in various Local 705 functions, and has acted as a role model for youth. Most were aware that he had

some sort of drug conviction in his past, but some were not aware of the details. In the letters of reference and in their interviews, all of RUCKER's references believe that he has been rehabilitated; he is a decent, outgoing person who deserves a second chance.

(Exhibits 9, 15, 16, 17, 18, 19)

E. Interviews With Union Officials

In 2003 ZERO sent RUCKER to the AFL-CIO Organizing Institute for training. Sam Smucker, one of the facilitators at the Institute called ZERO and told him that RUCKER was terrific.

ZERO believes RUCKER has a lot of ability and deserves a second chance. He is smart, willing to work hard, and always looking to help people.

MC CLAIN describes RUCKER as a loyal union person, and a lively energetic person who is not a stranger to too many people. He has no reservations about RUCKER's ability to handle the position of union organizer. He believes RUCKER can do his job 100% to his ability despite his recent conviction. MC CLAIN believes he has the conviction to change

As an organizer, RUCKER may work the night shift, he will have irregular hours. He will spend most of his time outside of the Union office, working in the field. If the court allows Local 705 to hire RUCKER as a full-time employee, he will share an office with Paul DiGrazia. DI GRAZIA would be his direct supervisor. RUCKER will not have any contact with union funds. As a full time employee, the union will pay RUCKER a yearly salary of $35,000 to begin with plus benefits, including a $600 per month car allowance for mileage, insurance, etc..

Local 705 officers were not aware of any continued drug involvement on the part of RUCKER.

(Exhibits 9, 18)

F. As noted in Section II. B above, a Chicago Police Department Criminal History Report for RUCKER did not disclose any additional crimes.

(Exhibit 5)

## VII. Union Position Regarding Exemption

A. Recently, Local 705 hired RUCKER to help organize the rail yards. According to Secretary Treasurer, Gerald ZERO, he did an excellent job as an organizer especially for someone who did not have experience. They were successful in their organizing. Local 705 placed RUCKER on a temporary payroll and for two months paid him a salary for his time. In addition to being paid, he also volunteered several days. ZERO thinks he has a good shot at being a leader. He believes that RUCKER has potential… he relates to people on any level, and understands what a union is about. RUCKER gets his points across; he can also speak the language of the streets.

(Exhibit 9)

B. Local 705 Business Agent Maurice McClain provided a letter of recommendation on RUCKER' behalf indicating that he was suitable for the job because he is outgoing, a hard worker; easy to work with and very dependable.

(Exhibit 18)

Report of Investigation                                             320-10960-08
Richard Rucker – Teamsters AFL-CIO LU 705                           October 10, 2003

## LIST OF EXHIBITS

1. Petition for Exemption From 29 U.S.C. §504(a) Bar Against Hiring Richard Rucker

2. Court Docket - U.S. District Court for the Northern District of Illinois

3. Form LM-2 Reports filed by Teamsters AFL-CIO Local 705 for the years ended 12/31/2001 and 12/31/2002

4. Criminal Court Case Files, Circuit Court of Cook County, Case No. 02CR-6997 and 01CR-18180

5. Chicago Police Department – Police Reports

6. AUSA Craig Oswald, Deputy Chief Civil Division Eastern Judicial District of Illinois, notification of the lawsuit and OLMS' responsibility to conduct an investigation.

7. Questionnaire prepared by the Department of Labor, Office of Labor Management Standards, Chicago District Director, John Peterson

8. Richard Rucker's response to DOL OLMS Questionnaire; 8(a) letters of reccomendation from character witnesses (4)

9. Report of Interview of Gerald Zero, Secretary Treasurer Local 705

10. Reports of Interview of Richard Rucker, Petitioner

11. Report of Interview of Nadar Shalabi, Probation Officer at the State of Illinois Circuit Court of Cook County Adult Probation Department

12. Report of Interview of Angela Boyd-Williams, Clinical Supervisor, TASC, Inc.

13. Report of Interview of Brenda Massey, Substance Abuse Counselor, South East Alcohol and Drug Abuse Center

14. Report of Interview of Sam Smucker, Field Training Instructor, AFL-CIO Organizing Institute

15. Report of Interview, Sandra Burl, wife of petitioner, Richard Rucker (character witness)

16. Report of Interview, Tony Burt, Bible Study Leader, Jehovah Witness (character witness)

17. Report of Interview, Vivian Walker (character witness)

18. Report of Interview, Business Agent, Local 705 (character witness)

19. Report of Interview, Glenn Mitchell (character witness)

20. American Arbitration Association Transcript of Proceedings In The Matter of Arbitration Between Teamsters Local 705 and United Parcel Service (due to the volume of this transcript, it is being held in the CHIDO-OLMS)

# SEE CASE FILE FOR EXHIBITS