**FILED**

NOV - 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

NOV 0 7 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL 705, INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS, AFL-CIO, )
and RICHARD RUCKER, )
) Case No. 03 C 5480
)
Petitioners, ) Chief Judge Kocoras
vs. )
)
UNITED STATES DEPARTMENT OF LABOR, )
)
Respondent. )

## PETITIONERS' REPLY TO DEPARTMENT OF LABOR'S RESPONSE TO PETITION FOR EXEMPTION FROM 29 U.S.C.§ 504(a) BAR

### Preliminary Statement

Petitioners Local 705, International Brotherhood of Teamsters, AFL-CIO ("the Union"), and Richard Rucker, are seeking the Court's approval to allow Mr. Rucker to become employed as an assistant Union organizer despite his narcotics convictions. They are responding to the "Department of Labor's Response" to their Petition, filed with the Court on October 20, 2003, and to the "Department of Labor's Position" filed with the Court on October 22, 2003.

Those two government documents take opposite positions: The DOL's Response comprises a Report of the DOL Agent's Investigation and attaches twenty exhibits which include detailed interviews of many witnesses who know Petitioner Richard Rucker, including professionals in the specialty of drug treatment and rehabilitation, all of whom support this Petition and believe that Mr. Rucker is rehabilitated; DOL Agent McDaniel who conducted all of these interviews including two interviews of Mr. Rucker recommended that the DOL

1



support this Petition.[1]

On the other hand, the DOL's Position opposes the Petition. Based on the Declaration of John H. Heaney, a DOL official in Washington D.C., who never met Mr. Rucker and obviously has no personal knowledge of the situation, the DOL has concluded that Agent McDaniel's recommendation was wrong and that, regardless of what the witnesses and the DOL Agent recommended, Mr. Rucker could not possibly be rehabilitated.[2]

Petitioners state that Mr. Rucker is drug free, he has successfully completed all aspects of his probation, he has impressed the professionals who have monitored his progress with the extent of his rehabilitation, and he has demonstrated his capability to hold the job of assistant Union organizer.

Petitioners are ready to appear and testify at a hearing, if the Court so desires.

The conclusion which we hope this Court will reach is encapsulated by Hon. Danny K. Davis's supporting declaration:

> A narcotics violation, so unfortunately prevalent in our society today, should not be an impediment to someone who has shown the determination to overcome a narcotics addiction and who is striving for a change to succeed. Richard Rucker has accumulated an

---

[1] Agent McDaniel confirmed this conclusion and articulated the reasons for her recommendation in open court on October 23, 2003. See Transcript of Proceedings, p.13, attached hereto as exhibit 1. We renew our request for access to a copy of her written recommendation, and, at a minimum, her written recommendation should be made available to the Court.

[2] There was an error in the government's position and Mr. Heaney's declaration. The Union did not employ Mr. Rucker for two months in 2002. In a letter of October 27, 2003, we have requested the government to correct this error. See attached exhibit 2.

2

> impressive record in his attempt to rejoin civil society after his narcotics conviction. The federal statute should not become another bar to moving this ex-offender to a positive, productive and useful role in society.

(Exhibit E, ¶ 7, attached to Petition).

## ARGUMENT

### I. The Standard: Rehabilitation So That Employment Will Not Endanger The Union.

Section 504 (a) sets forth the standard to be applied by the Court in evaluating petitions for exemption. The district court may grant an exemption if, "pursuant to sentencing guidelines and policy statements," the court "determines that such person's service in any capacity [in a labor organization] would not be contrary to the purposes" of the statute. 29 U.S.C. § 504(a). The applicable sentencing guideline provides that:

> relief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability.

U.S. Sentencing Guidelines Manual § 5J1.1; Claudio and Teamsters Local 813 v. USDOL, 137 F. Supp. 2d 405, 409 (S.D.N.Y. 2000).

Petitioners believe that Mr. Rucker has met this standard.

The Government's position relies on the criteria which the United States Parole Commission developed when it had responsibility for evaluating exemption petitions, prior to the enactment of P.L.98-473 in October 1984. Therefore, these

criteria are not binding on the Court.[3] Nevertheless, Petitioners will respond to those issues raised in the Government's position.

## II. The Statute is Intended to Create Barriers Against Union Corruption; Petitioner's Narcotics Conviction is a Less Serious Offense

Congress' purpose in enacting Section 504 was to eliminate the intolerable and corrupt conditions which prevailed in segments of organized labor in the 1950's. The legislative history is replete with references to bribery, corruption, extortion, embezzlement, racketeering, acceptance of money through false pretenses and other types of crimes which involve an abuse of a fiduciary's position with respect to a union's obligations to its members. Hodgson v. Chain Service Restaurant Union, 355 F. Supp. 180, 183-85 (S.D.N.Y. 1973); Nass v. Local 348, 503 F. Supp. 217 (E.D.N.Y. 1980) (extortion and labor bribery are precisely the type of conduct which Congress was aiming at); Illario v Frawley, 426 F. Supp. 1132 (D.N.J. 1977).[4]

In November 2002, Mr. Rucker was found guilty of possession of 0.3 grams of a controlled substance with a street value of $30.00. In September 2001, he pled guilty to delivery of 0.4 grams of a controlled substance with a street value of $72.00. (DOL's report of investigation, p.1). He has stated that, at that time, he was on a destructive path related to his drug addiction and other personal

---

[3] In Carollo v. Herman, 84 F. Supp. 2d 374, 377 (E.D.N.Y. 2000), the court noted that the Parole Commission's regulations are not binding or directly applicable but may be considered.

[4] The prohibition against hiring "a member of the Communist Party" was held to be an unconstitutional bill of attainder. United States v. Brown, 381 U.S. 437 (1965).

4

problems (DOL's report of investigation, exhibit 10, p.3).

Although we do not question the application of Section 504 to Mr. Rucker's narcotics convictions,[5] we suggest that his narcotics convictions are not the type of serious offenses which Congress intended, first and foremost, to be corrupting influences on labor unions. Therefore, the Court should be less constrained in exercising its discretion in the present case.

### III. A Job as an Assistant Union Organizer Is Not a High Level Officer Position and Does Not Entail Discretion in the Use of Union Funds.

The Union wants to hire Mr. Rucker to be a Union organizer, assisting Mr. Paul DiGrazia who has been the sole Union organizer for several years. Mr. Rucker would be supervised by Mr. DiGrazia. He would earn approximately $35,000 per year. He would not have access to a Union credit card or have authorization to write checks. (DOL Report of Investigation, p. 8; Gerald Zero declaration, petition exhibit A.)

Mr. Rucker would not be an elected officer of the Union, and he would be earning far less than Union Business Agents who are responsible for representing members in grievances and disputes with their employers (DOL Report of Investigation, exhibit 3, schedule 10).

The reason why the Union believes Mr. Rucker would be an asset is because he has particular rapport with minorities and low wage part-time workers who are greatly in need of Union representation. He himself has experienced the

---

[5] Compare Teamsters Local 513 v. Wojik, 325 F. Supp 989 (E.D. Pa 1971), dismissing as not ripe a request for a declaratory judgment on the question whether a conviction for the possession of dangerous drugs (amphetamines) is included in Section 504.

problems confronting low wage workers.

The DOL claims that "an organizer position is a key liaison between employers and union members....civic organizations and the community" and "[the DOL knows that] the Petitioner is incapable of engendering such trust" (Position, p.8). There is no citation to anything in the record or otherwise to support this conclusion, and, as stated earlier, the DOL Agent disagrees.

While claiming omniscience with respect to the operations of a labor union and the job duties of union employees, the DOL questions the standing of the Union to be a party to this proceeding (compare Claudio v. Local 813 Teamsters, 137 F. Supp. 2d 405, n.1 (S.D.N.Y. 2001) allowing the Union to intervene in order to explain the nature of the position being sought).

In fact, as Union witnesses have and will attest, Union organizers do not ordinarily deal with employers. Organizers seek to persuade employees who are not Union members of the benefits of becoming Union members so that they will designate the Union as their representative and vote for the Union in elections conducted by the National Labor Relations Board. Organizers do not engage in collective bargaining with employers; they do not represent members in processing grievances with employers.

The Union believes that Mr. Rucker will be successful as a Union organizer because of his rapport with low wage workers. So do the outside, neutral professionals who evaluated his performance as "highly recommended" for the

position of union organizer. (DOL Report of Investigation, exhibit 14 [6]).

The DOL has it entirely wrong. This job does not give rise to the type of temptation with respect to the use of Union funds or dealings with employers which Congress sought to address in enacting Section 504. Mr. Rucker is well qualified for the position of assistant Union organizer.

IV. **Contradicting the Conclusion of Professionals and Other Witnesses Who Know Mr. Rucker and the Recommendation of its DOL Agent, The DOL's Position That it is Impossible for Anyone to be Rehabilitated in a Year Should Be Rejected.**

The Court should review carefully the opinions of those professionals and others who know Mr. Rucker. His probation officer says, "There is no reason for me to believe he is on drugs." "He was focused on getting a job. A lot of people just talk." (DOL Report, Exhibit 11) His drug treatment counselor says, "He is a go getter...he pulls people together. He can rally people. "She never, at any time during treatment" thought he was using drugs (DOL Report Exhibit 13). Friends, religious counselors, and family are supportive. And, of course, so is the DOL Agent who interviewed all of these people.

The only factual assertion made by the DOL on the issue of rehabilitation is its repeated reference to Mr. Rucker's failure to pay for his treatment and for his probation. (DOL position, pp. 3, 9). But the purpose of this proceeding is to obtain a job so that he has the ability to pay; this obvious rejoinder is beyond the pale for the decision makers in the District of Columbia. Try explaining the logic to the truck drivers members of the Union; it is ridiculous to thwart someone seeking

---

6 "There is a charming aspect to him, he kept people laughing, he was the most vocal person there, he always participated, he was funny, very open and outgoing. And he related well with the other participants."

7

mightily to obtain a job because, without a job, he has been unable to pay for drug treatment.

The fundamental issue underlying the DOL's position is not based on any facts; it is simply an uninformed opinion that no one can possibly be rehabilitated in the year since Mr. Rucker's release. In the DOL's view, there is nothing Mr. Rucker could have done to persuade them of his rehabilitation, because they would never agree to his petition.

Treatment professionals disagree with the DOL. Professionals agree that the lack of access to jobs is one of the most pervasive barriers to successful reintegration of offenders into society. "By successfully completing TASC's treatment program in a very short period, Mr. Rucker has demonstrated his commitment to the recovery and rehabilitation process. Complete success will be enhanced by his gainful employment." (Treatment Alternatives for Safe Communities, exhibit C attached to petition at p. 5).

A comprehensive review of the scientific and professional evidence on the subject of contemporary drug abuse treatment and rehabilitation is contained in a government paper published in 2002, a copy of which is attached as exhibit 3. Stabilization and withdrawal from drug dependence can occur within a short period. Effective components of rehabilitation include gainful employment and strong family and social supports as well as the completion of treatment. Certainly, these conclusions ought to be pertinent to the DOL. Mr. Rucker has satisfied all of these, except for the gainful employment which is awaiting him upon the granting of this petition.

Richard Rucker endured "two years of hell." "In April 2002 after one month

in County Jail, he decided to turn his life around." His wife has been a continuing support. His wife's family and his son have been there for him. He is studying to become a elder in his wife's church. "Rucker does not feel like he is a success story -- instead he considers himself to be someone who made a mistake and is trying to get where he would have been without drugs. He believes he deserves a second chance." (DOL Investigation Report, exhibit 9; Rucker affidavit, exhibit B attached to petition)

The DOL's' decision-makers in Washington say it's impossible. Everyone else, including the DOL Agent--all of whom have actually met with, interviewed, treated, lived with or evaluated Mr. Rucker--say that not only is it possible but Richard Rucker has done it. He has been rehabilitated and is deserving of a job to reinforce this successful outcome.

## CONCLUSION

Section 504 is primarily intended to protect labor unions from financial corruption and breaches of fiduciary duty. Employing Richard Rucker as an assistant Union organizer poses no such risk. While Mr. Rucker realizes the seriousness of the offenses he has committed, they should not bar his return to productive society or his contribution to organized labor and low wage earners in his community. He has been rehabilitated and has satisfied the standards of Section 504. The DOL's objections, lacking in foundation, are entitled to no weight. The petition should be granted.

Respectfully submitted,

Peggy A. Hillman
445 North Pennsylvania Ave., Suite 401
Indianapolis, IN 46204
(317) 637-2345

Michael H. Slutsky
N. Elizabeth Reynolds
Allison, Slutsky & Kennedy, P. C.
208 South LaSalle St., Suite 1880
Chicago, IL 60604
(312) 364-9400

By _____
Attorneys for Petitioners

November 6, 2003

# SEE CASE FILE FOR EXHIBITS