## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5480 | **DATE** | 11/21/2003 |
| **CASE TITLE** | Local Union 705 International Brotherhood of Teamsters, AFL-CIO et al vs. United States Department of Labor | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER:** Plaintiffs' petition for exemption from a statutory bar against hiring Richard Rucker is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | 7 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

DOCKETED
NOV 24 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL UNION 705 INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS, AFL-CIO )
and RICHARD RUCKER, )
)
        Plaintiffs, )
)
vs. ) 03 C 5480
)
UNITED STATES DEPARTMENT OF LABOR, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Petitioners' petition for exemption from a statutory bar against hiring Richard Rucker. For the reasons set forth below, the petition is denied.

### BACKGROUND

Petitioner Richard Rucker is a thirty-six year old Chicago resident who is currently unemployed but has been offered employment as a union organizer by Petitioner Local 705, International Brotherhood of Teamsters, AFL-CIO ("Teamsters"). Rucker is also a recovering drug addict and twice convicted felon. He is presently serving a two-year felony probation sentence that resulted from a November 7, 2002,

conviction in Cook County Circuit Court for felony possession of a controlled substance (approximately 0.3 grams of cocaine). This cocaine offense occurred while Rucker was serving probation for a September 13, 2001, Cook County Circuit Court conviction for felony delivery of a controlled substance (approximately 0.4 grams of heroin). Because of these convictions, Rucker is prohibited from service or employment with the Teamsters, pursuant to provisions of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 504(a). Section 504(a) of LMRDA mandates that a person who has been convicted of various criminal offenses, including narcotics offenses, is disqualified from holding certain union positions, such as that of organizer, for thirteen years following the conviction. However, LMRDA also provides that a person barred from a union position under the statute can petition a federal court to be exempted from the thirteen year disqualification. Rucker is now before this court petitioning to be exempted from the LMRDA § 504(a) prohibition against holding the position of union organizer with the Teamsters.

## DISCUSSION

### LMRDA § 504(a)

Congress enacted LMRDA § 504(a) in an effort to ensure that criminal elements could not attain positions of control or influence within labor unions. Hodgson v. Chain Service Restaurant Union, 355 F. Supp. 180, 183 (S.D.N.Y. 1973). Addressing

mainly crimes that led to widespread union corruption in the 1950's, such as bribery, extortion, and embezzlement, id., the statute also disqualifies persons convicted of narcotics offenses from holding union positions. It provides that "no person . . . who has been convicted of . . . violations of narcotics laws . . . shall serve or be permitted to serve . . . as an . . . organizer, employee, or representative in any capacity of any labor organization" for thirteen years unless that person is granted an exemption from the statute. 29 U.S.C. § 504(a)(2). The statute goes on to state that a person otherwise disqualified from holding a union position can be exempted if a district court "pursuant to sentencing guidelines and policy statements under section 994(a) of Title 28, determines that such person's service [in the union] would not be contrary to the purposes of [LMRDA]." Id. The applicable sentencing guideline and policy statement provides that:

> If the petitioner was convicted of a disqualifying state or local offense . . . relief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability.

U.S. Sentencing Guidelines Manual § 5J1.1; Petition of Belpedio, 753 F. Supp. 239, 241 (N.D. Ill. 1990); U.S. v. Glover, 2001 WL 1414451, *1 (N.D. Ill. 2001). Under

this standard, the petitioner "has the burden of clearly showing that he is rehabilitated." Glover at *2.

**Rucker's Petition**

Rucker's petition certainly paints the picture that he is on the right track, as he has been attempting to turn his life around following his November 2002 cocaine conviction. He is highly recommended by the Teamsters, who praise his enthusiasm, candor, and communications abilities. Rucker has successfully completed a drug treatment program that was a component of his sentence. In order to complete this program Rucker underwent almost one hundred hours of counseling and aftercare. Based on his own representations, continual urinalysis monitoring, and the opinions of supervisors from his treatment program (who note that Rucker was "exceptional" in his completion of the program), it appears that Rucker is currently drugfree and is determined to remain so. He is studying to become an elder in his wife's church. Rucker's petition is also supported by the affidavit of Congressman Danny K. Davis, who argues that Rucker "has shown the determination to overcome a narcotics addiction and . . . has accumulated an impressive record in his attempt to rejoin civil society." Pet'r Reply at 2-3.

Further supporting Rucker's petition is an investigation conducted by Respondent U.S. Department of Labor ("DOL"), where numerous witnesses who know

-4-

Rucker in a variety of contexts (union officials, drug treatment workers, character references, etc.) were interviewed. The DOL investigation "revealed no indication that Rucker has any continuing involvement in the sale or use of drugs and is currently an active participant in his community and with the Narcotics Anonymous programs in his area." DOL Investigation at 2. DOL Agent McDaniel, who conducted the investigation, stated in open court that she believed Rucker to have been rehabilitated.

Choosing not to follow Agent McDaniel's recommendation, the DOL argues that Rucker has not been rehabilitated, averring that it is too early to determine if Rucker has been sufficiently rehabilitated within the meaning of the LMRDA. Supporting this position is the relative shortness of his sobriety compared to his decade-long drug addiction. The DOL adds that it would be premature to allow Rucker to assume the position of union organizer while he is still on probation and scarcely more than a year following his most recent drug conviction.

Rucker responds that it is quite possible for a person to be rehabilitated in less than a year, pointing to his successful completion of his treatment program and his various community efforts. However, Rucker also contends that because "the lack of access to jobs is one of the most pervasive barriers to successful reintegration of offenders into society . . . effective components of rehabilitation include gainful employment." Pet'r Reply at 8. The court does not disagree, as an unemployed former

-5-

criminal faces far greater temptations to attain money through illegal means than one who is gainfully employed with a regular stream of legitimate income. Unfortunately, while a steady job could perhaps be the most effective device for turning around an ex-felon's life and preventing recidivism, LMRDA is not intended to facilitate employment as a component of recovery. As the applicable sentencing guideline makes clear, "relief shall not be given to aid rehabilitation." U.S. Sentencing Guidelines Manual § 5J1.1. By stating that becoming a Teamsters organizer could assist in his rehabilitation Rucker must also concede that his rehabilitation is proceeding but not yet complete.

Rucker also argues that regardless of his stage of recovery, LMRDA should not apply for two additional reasons. First, Rucker contends that LMRDA is intended to create barriers against corruption in organized labor, and that Rucker's relatively minor drug offenses are not in the same league as offenses typically associated with union impropriety (extortion, bribery, etc.). While it may be the case that Rucker's drug crimes may not be of the type that spurred Congress to protect union integrity by enacting LMRDA, the statute specifically enumerates "violations of narcotics laws" among the grounds for disqualification. 29 U.S.C. § 504(a). We see no reason to deviate from this clear language of the statute. Along the same lines, Rucker argues that the job of union organizer carries sufficiently low discretionary authority such that

Rucker would not be able to abuse his position in a manner that Congress sought to prevent through LMRDA. Even though a union organizer may not have access to union funds or engage in collective bargaining, LMRDA clearly applies to an "organizer, employee, or representative in any capacity of any labor organization." Id. § 504(a)(2). Once again, we will not stray from Congress' explicitly worded mandate.

In conclusion, we believe that while Rucker appears to have changed his ways and is headed in the right direction, he has not met his burden of clearly showing that he has been rehabilitated. Instrumental to this finding is the fact that Rucker is currently on probation for his November 7, 2002, cocaine conviction. According to the Supreme Court, probation "was designed to provide a period of grace in order to *aid rehabilitation* of a penitent offender [and] to take advantage of an opportunity for reformation." Burns v. U.S., 287 U.S. 216, 220 (1932) (emphasis added). We believe that Rucker is currently taking advantage of his opportunity through his commitment to continuing drug treatment and counseling, community service, and determination to find gainful employment. However, as Rucker's probationary period is not yet concluded and his most recent felony conviction relatively fresh, any determination that Rucker's rehabilitation is complete would be premature. Based on the representations of Rucker and those who know him, if Rucker continues on his current

path, nothing should prevent him from fulfilling the terms of probation and achieving full rehabilitation at some point in the future.

## CONCLUSION

Based on the foregoing analysis, Rucker's petition is denied.

											_____
											Charles P. Kocoras
											Chief Judge
											United States District Court

Dated: NOV 2 1 2003